AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| | |
|---|---|
| United States of America<br>v.<br>Antoine Turner<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  **14-1556SAG**<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____July 3, 2014_____ in the county of _____Baltimore City_____ in the _____ District of _____Maryland_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. section 841 | Possession with the Intent to Distribute a Controlled Substance |
| 18 U.S.C. section 922(g) | Possession of a Firearm by a Prohibited Person |
| 18 U.S.C. section 924(c) | Possession of a Firearm in Furtherance of a Drug Trafficking Crime |

This criminal complaint is based on these facts:
See attached Affidavit.

☒ Continued on the attached sheet.

_____
*Complainant's signature*

CRAIG M. JESTER   DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 07/07/2014

_____
*Judge's signature*

City and state: Baltimore, Maryland

Hon. Stephanie A. Gallagher
*Printed name and title*

**14-1556SAG**

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I. **AFFIANT AND EXPERTISE**

Your Affiant, Craig Jester, after being duly sworn, states as follows:

### INTRODUCTION

1. This affidavit is submitted in support of a criminal complaint charging Antoine TURNER with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g); possession with the intent to distribute controlled dangerous substances in violation of 21 U.S.C. § 841; and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).

### EXPERTISE

2. I am an "investigative or law enforcement officer ... of the United States" within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516. I am a Detective with the Baltimore Police Department (BPD) and have been so employed since 2001. I have been deputized as a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA) for over two years. I am currently assigned to the DEA's Special Investigations Group (DEA SIG), which investigates large-scale narcotics trafficking organizations in the Baltimore area.

3. During my time as a law enforcement officer, I have participated in numerous investigations of unlawful drug distribution involving the use of confidential informants, undercover transactions, physical and electronic surveillance, telephone toll analysis, investigative interviews, the execution of search warrants, and the recovery of substantial quantities of narcotics, narcotics proceeds, and narcotics paraphernalia. I have reviewed recorded

1

conversations, as well as documents and other records relating to narcotics trafficking and money laundering. I have examined records consisting in part of buyers and seller's lists, and pay/owe ledgers. I have interviewed drug dealers, users and confidential informants and have discussed with them the lifestyles, appearance and habits of drug dealers and users.

4. Through training, education and experience, I have become familiar with the manner in which illegal drugs are transported, stored, and distributed, the possession and use of firearms in connection with trafficking of such drugs, and the methods by which narcotics traffickers collect, store and conceal the proceeds of their illegal activities. I have also become familiar with the manner in which narcotics traffickers use telephones, cellular telephone technology, pagers, coded communications or slang-filled telephone conversations, false or fictitious identities, and other means to facilitate their illegal activities and thwart law enforcement investigations.

5. Because this affidavit is being submitted for the limited purpose of establishing probable cause for a criminal complaint charging TURNER with the above described federal offense, I have not included every detail of every aspect of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause. I have not, however, excluded any information known to me that would defeat a determination of probable cause. The information contained in this affidavit is based upon my personal knowledge, my review of documents as well as conversations with other law enforcement officers and other individuals. All conversations and statements described in this affidavit are related in substance and in part unless otherwise indicated.

## PROBABLE CAUSE

### A. Controlled Purchase of Narcotics from TURNER

6. In the spring of 2014, investigators conducted a controlled purchase of narcotics from Antoine TURNER. The purchase was coordinated via a controlled and recorded telephone call by a confidential source of information ("CS"). During the recorded call, the CS asked TURNER to sell him/her crack cocaine. TURNER agreed to make the sale and arranged to meet the CS. A short time later the CS met with an associate of TURNER who provided the agreed upon narcotics to the CS.

### B. Arrest of TURNER

7. On July 3, 2014 at approximately 3:00 pm TURNER was observed exiting a vehicle in the 600 block of Washington Boulevard in Baltimore City. A short time later, law enforcement officers approached TURNER and placed him under arrest. TURNER was searched incident to his arrest and found in possession of a plastic bag containing approximately one ounce of white powder (suspected cocaine) and another bag containing 22 ziploc baggies of white rock substance (suspected cocaine base). I know based on my training, knowledge and expertise that one ounce of powder cocaine is an amount consistent with distribution rather than personal use. Likewise, I know that 22 ziploc bags of crack cocaine are consistent with distribution rather than personal use.

### C. Interview of TURNER

8. After being advised of his *Miranda* rights TURNER agreed to speak to investigators. During this interview admitted to being a drug trafficker and to selling approximately ¼ of ounce of cocaine every day. TURNER also admitted that he had purchased a 9mm handgun the day before (July 2, 2014) and that he was keeping the gun at the house of a

person TURNER identified by name and whom investigators know to reside at 1128 West Cross Street in Baltimore City. TURNER told investigators that the gun could be found in a green "Jimmy Jazz" bag with sweatshirts surrounding the gun.

### D. Execution of a Search Warrant at 1128 West Cross Street

9. At approximately 8:25 pm on July 3, 2014, investigators executed a state search and seizure warrant at 8:25 p.m. at 1128 West Cross Street in Baltimore City, Maryland, a residence associated with TURNER (the location where TURNER said he was storing a firearm). Upon entering the residence, agents recovered from the bedroom believed to be used by TURNER: (1) one Jennings Model 9, 9mm semi-automatic handgun from inside a "Jimmy Jazz" shopping bag (as described by TURNER); (2) one handgun magazine which contained seven live rounds from inside a woman's slipper which was located beneath the table next to the bed; (3) one clear, plastic baggie containing tan powder (suspected heroin) and weighing approximately 3.3 grams, which was located in a black boot which was under a table next to the bed; (4) one clear, plastic baggie containing plant material, suspected marijuana from the table next to the bed; (5) one large ziplock bag containing multiple clear baggies of plant material, suspected marijuana from inside a white slipper in the closet; (6) one AWS digital scale with residue, suspected marijuana, which was recovered from the table next to the bed; (7) an undetermined amount of U.S. currency from assorted locations inside the room; (8) a box of sandwich baggies which was recovered from the top of the dresser; (9) packing materials, i.e. miniature ziplock baggies of assorted color and size, which were recovered from inside a black women's purse which was located on the dresser; and (10) personal paperwork in the name of "Antoine TURNER" which was recovered from a small bookshelf.

10. I know that 3.3 grams of heroin in close proximity to packaging materials and a

digital scale is consistent with distribution rather than personal use. I also know that drug traffickers often keep firearms in close proximity to their supply of narcotics or where they live in order to protect themselves and their supply of narcotics.

### E. TURNER's Status as a Prohibited Person

11. I know based on my training, knowledge and expertise that the Jennings Model 9, 9mm semi-automatic handgun is a firearm as it defined under federal law in that it is designed to expel a projectile by the action of the explosive. I also know that this firearm is not manufactured in the state of Maryland and, therefore, that the firearm moved in interstate commerce prior to its recovery on July 3, 2014. I have reviewed TURNER's criminal history and I found that TURNER was previously convicted of a crime punishable by more than one year and that his civil rights have not been restored.

### CONCLUSION

12. Therefore, based on the evidence above, I believe that there is probable cause to believe that on July 3, 2014, TURNER possessed with the intent to distribute cocaine, crack cocaine and heroin. I further believe that there is probable cause to believe that TURNER was in possession of a firearm after having been convicted of a felony and that he possessed the firearm in furtherance of his drug trafficking activities.

Craig Jester
Task Force Officer
Drug Enforcement Administration

Subscribed to and sworn to me this _____ day of July, 2014

The Honorable Stephanie A. Gallagher
United States Magistrate Judge

5